UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN L. SMITH,

    Petitioner,

                                      Civil Action 2:18-cv-841
                                      Chief Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Elizabeth P. Deavers

OHIO DEPARTMENT OF
CORRECTIONS

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner filed what appears to be a Petition for Writ of Habeas Corpus on August 10, 2018, but failed to either pay the requisite $5.00 filing fee or file an application for leave to proceed without prepayment of fees. (ECF No. 1.) On August 14, 2018, the Clerk of Court issued a Deficiency Notice and attached a motion for leave to proceed *in forma pauperis* directing Petitioner to pay the fee or submit an appropriate application to proceed *in forma pauperis* within thirty days. (ECF No. 2.) On August 31, 20 18, Petitioner filed his self-styled Notice of Special Appearance and Affidavit of Fact/Writ of Error, neither of which addressed the Clerk's Deficiency Order. (ECF Nos. 3, 4.)

The Court thereafter, on September 5, 2018, issued an Order directing Petitioner to file an appropriate filing fee or an application to proceed *in forma pauperis* and to submit a certified trust fund statement from his prison's cashier. (ECF No. 5.) The Court also directed Petitioner to use the appropriate form to file his Petition so that the Court could properly evaluate his claims. (*Id*.) The Clerk forwarded all the necessary forms to Petitioner. The Court warned Petitioner that his failure to provide the information requested by the order within 30 days, the

Court would assume that Petitioner has decided not to pursue this case, and does not request to proceed *in forma pauperis* and that Petitioner is not a pauper, and it will (1) assess plaintiff the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket even if the filing fee is then paid in full. *See In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).

Petitioner has not cured these deficiencies. Instead, he filed something entitled "Notice to Agent is Notice to Principal Notice to Principal is Notice to Agent" or "Affidavit of Financial Statement" in which he indicated, among other things, that he had no gold or silver coins. (ECF No. 7.) Although Petitioner filed an Amended Petition for Writ of Habeas Corpus on the appropriate form, he nevertheless simply incorporated his earlier-filed Petition by reference, which, as the Court has already found, does not permit any meaningful evaluation of his claims. (ECF No. 8.)

The Court finds that Petitioner has not complied with the Court's Order or otherwise sufficiency remedied the noted deficiencies. Petitioner has not meaningfully responded to the Court's Deficiency Order.

This matter is, therefore, before the Court for consideration of Petitioner's failure to comply with its Deficiency Order and failure to prosecute. For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the Respondent's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that Respondent waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 10, 2018                     */s/ Elizabeth A. Preston Deavers*
                                           ELIZABETH A. PRESTON DEAVERS
                                           UNITED STATES MAGISTRATE JUDGE