**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STEVEN L. SMITH,**

      **Petitioner,**

      v.

**SHEA HARRIS, WARDEN,**
**OHIO DEPARTMENT OF CORRECTIONS,**

      **Respondent.**

**CASE NO. 2:18-CV-00841**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

On November 18, 2018, the Court issued an *Order* advising Petitioner that his claims would be construed under the provision of 28 U.S.C. § 2254 so that he could withdraw this action or amend it to include any additional claims for relief, and directing him to resubmit this action using the appropriate form for filing within 14 days, if he wished to proceed. (ECF No. 12.) Petitioner failed to do so. Instead, he filed a *Writ of Stay and Abeyance* (ECF No. 13), requesting a stay of proceedings to exhaust his claims in state court. On December 6, 2018, the Court issued a second *Order*, denying the motion for a stay, and again directing the Petitioner to resubmit this action on the appropriate form for filing under 28 U.S.C. § 2254, clearly identifying the basis for each of his claims and grounds in support, and instructing him that the failure to do so may result in the dismissal of this action. (ECF No. 14.) Nonetheless, to date, Petitioner has failed to comply with the Court's directives instructing him to clearly identify the basis for each of his claims for relief and facts in support on the appropriate form for filing an action under 28 U.S.C. § 2254. Instead, he has submitted an *Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254,* that fails to identify the nature of his claims. (ECF No. 15.)

1

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 2") provides:

> (c) Form. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
> (d) Standard Form. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.

Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted). Such are the circumstances here.

Petitioner indicates that he is challenging his February 2016, convictions after a jury trial in the Licking County Court of Common Pleas for possession of cocaine and trafficking in cocaine, with a forfeiture specification. *Petition* (ECF No. 1, PAGEID #3.)[1] However, even liberally

---

[1] On October 17, 2016, the Ohio Fifth District Court of Appeals affirmed Petitioner's convictions and sentence. *State v. Smith*, 5th Dist. No. 16-CA-15, 2016 WL 6138914 (Ohio Ct. App. Oct.

construing his pleadings, the Court is unable to determine the nature of his claims. As discussed, despite being given the opportunity to clarify the nature of his claims, Petitioner has failed to do so.

**Recommended Disposition**

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

---

17, 2016). On June 21, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Smith*, 149 Ohio St.3d 1433 (Ohio 2017).

                                                 *s/ Elizabeth A. Preston Deavers*
                                                 Elizabeth A. Preston Deavers
                                                 Chief United States Magistrate Judge