IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN L. SMITH,

    Petitioner,

    v.

TIM BUCANAN, WARDEN,
NOBLE CORRECTIONAL INST.,

    Respondent.

Case No. 2:18-cv-00841
Chief Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 6, 2019, the Magistrate Judge issued a *Report and Recommendation* recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 27.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 30.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 30) is **OVERRULED**. The Report and Recommendation (ECF No. 27) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Licking County Court of Common Pleas on trafficking and possession of cocaine. He raises seven claims for relief. The Magistrate Judge recommended dismissal of all of these claims as procedurally defaulted or otherwise failing to provide a basis for relief. Petitioner objects to the recommendations of the Magistrate Judge. He objects to the reference to him as Steven L. Smith, instead referring to himself as Steven Abdul-Azziz El Bey, and indicates that he did not initiate this action on a pro se basis, but through "In Propria Persona Sui Juris, by the Natural Living, Flesh and Blood Man,

Human Being, Moorish American National, Aboriginal." (ECF No. 30, PAGEID # 1197.) He objects to the recommendation of dismissal of habeas corpus claims five, six and seven under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts for failure to raise any intelligible claims, and attempts to clarify the basis for those claims. He maintains that this Court should address the merits of his claim that the trial court lacked jurisdiction, despite his prior failure to raise the issue.

Petitioner's arguments, which are largely incoherent, are unavailing. Even assuming, *arguendo*, that he can establish compliance with the provision of Rule 2, he nonetheless plainly has waived his claims by failing to present these same issues to the Ohio courts, including his claim that the trial court lacked jurisdiction. *See Dew v. Pancake*, No. 5:07CV-P37-R, 2007 WL 4302429, at *4 (W.D. Ky. Dec. 7, 2007) (citations omitted). For these reasons, and for the reasons already well addressed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 30) is **OVERRULED**. The Report and Recommendation (ECF No. 27) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. ——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a

petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

6-18-2019

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**